IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **WOLVERINE BARCODE IP, LLC,**<br>    Plaintiff, | Civil Action No. 7:24-cv-00307-DC-DTG |
| v. | |
| **COSTCO WHOLESALE CORPORATION,**<br>    Defendant | JURY TRIAL DEMANDED |

### JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

1.  **Are there any outstanding jurisdictional issues?**

    None.

2.  **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

    None.

3.  **What are the causes of action, defenses, and counterclaims pled?**

**Plaintiff's Statement:**

This is a case alleging patent infringement. Plaintiff, Wolverine Barcode IP, LLC ("Wolverine") filed its Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,280,689 ("the '689 patent"), (referred to as the "Patent-in-Suit") by Costco Wholesale Corporation ("Defendant" or "Costco"). The elements of patent infringement are (1) Ownership of a valid patent and (2) Infringement of the patent by the defendant. Patent infringement consists of:

- Unauthorized making
- Using
- Offering for sale

- Selling any patented invention within the United States
- Importing into the United States any patented invention during its term.

**Defendant's Statement:**

This is a frivolous case. The '689 patent, as plaintiff and its counsel know or should know, is directed to methods for making "offline" payment transactions (i.e., non-cash transactions that do not require online calls to payment processors, such as banks or credit card processors) using a bar code and a local server. As Costco has told plaintiff's counsel, when someone uses their Costco app to make a purchase (which has a QR code and an associated credit card), the Costco payment system makes online calls to payment processors to confirm available credit. Costco's systems work just like the prior art systems disparaged in the patent. Costco has offered to provide declarations on this point but plaintiff has not sought such declarations or agreed to dismiss the Complaint.

More specifically, the patent describes the invention as relating "to methods and apparatus for conducting offline commerce transactions using the user ID Barcode as the user identifier for purchasing goods … using the fund or credit limit available at the user's account in the server identified as a User Vendor Management Server ('UVM')." '689 patent at 1:17-22. In the "Background of the Invention," the patent explains that "users currently pay for [low-priced] goods … using cash, and that "[s]uch payments are not made with credit cards because the cost of the credit card transaction processing is too high, making it impractical both for vendors and credit card companies to accept the use of a credit card for micro payment purchases." Id. at 26-31. The patent then discloses payment cards which store values, such as those used by the Japan Railways. Id. at 1:53-2:30. More importantly, the patent "introduces a server called User Vendor Management Server ("UVM")," which "processes all purchasing transaction between the user

and the vendor." Id. at 3:31-34. The UVM either has prepaid funds in an account associated iwith the user or a specific credit limit for the user. Id. at 3:34-60. Most importantly, the "UVM processes the purchasing transaction without involving any third party therefore minimizing the cost of processing each purchase transaction." Id. at 4:43-45.

This was emphasized in the file history. The applicant distinguished a prior art reference where "separate communication paths are required when reading a product barcode and reading a magnetic credit card strip or purchaser's barcode." April 7, 2015, Remarks at p. 4. Under the prior art, "the transaction requires the separate generation of a barcode for that transaction through one network and communications through a different network between the payment provider and the merchant, or alternatively communication from the merchant through a cell phone network." Id. In other words, the alleged invention does not require any "calls" to a payment processor.

The claim language, which was amended during the prosecution of the patent application, is consistent with the patent disclosure and the arguments made during prosecution. More specifically, the claims are all limited to a "method for conducting offline electronic commerce transactions having a vendor barcode scanner and a vendor cash register comprising … ." The patent claims have steps including providing a user with a "personal code," converting the code into a barcode format, "establishing a User Account and a user vendor management server corresponding to that personal code," "depositing funds in said User Account to establish a credit limit," "conducting purchases … where each purchase includes scanning product barcodes, including product price, and User ID Barcode … at the vendor cash register, and transmitting product barcodes and User ID Barcode to said vendor server and approving the purchase price if the funds are sufficient in the User Vendor Management Server account." In other words, no part

of the transaction involves accessing a credit card or payment processor online." Patent at 17:30-18:30.

Plaintiff's continued pursuit of this case justifies an award of fees and costs to Costco.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

    Plaintiff says none but Costco believes that the way its systems work should be subject to stipulation. There is no genuine dispute as to how such systems work, including that they require calls to credit card processors.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

    - 26(f)(3)(A): Initial disclosures have not been made at this time. The parties have agreed to an initial disclosure date as set forth in the accompanying [proposed] Case Management Schedule.

    - 26(f)(3)(B): Subjects for discovery include, but are not limited to: Defendant's Accused Instrumentality, including revenue received from sales and structure and function of the Accused Instrumentality as set forth in Document No. 1-2. Defendant's knowledge of the Patent-in-suit. Plaintiff's structure and finances; prior licenses and agreements concerning the asserted patents; prior art to the asserted patents; the alleged conception and reduction to practice of the purported inventions; and Plaintiff's licensing practices and history. Costco contends that discovery should also include whether and to what extent plaintiff and its counsel investigated the factual and legal basis for the claims. To the extent the case is not dismissed

promptly, Costco will also want to investigate the prior art. Discovery should be completed in line with the accompanying [proposed] Case Management Schedule.

- 26(f)(3)(C): The parties expect to agree upon a protective order to protect the disclosure of confidential information. Costco objects to email discovery but is willing to negotiate with plaintiff regarding a discovery and ESI order.
- 26(f)(3)(D): There are no issues about claims of privilege at this point. The parties will address inadvertent disclosure of privileged information in a protective order.
- 26(f)(3)(E): The parties intend to abide by the limits to discovery as set forth in the FRCP and Local Rules.
- 26(f)(3)(F): There are no other orders outside of the accompanying [proposed] Case Management Schedule that the Court should issue under Rule 26(c) or under Rule 16(b) or (c) at this time.

6. **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

   Discovery has not yet opened in this matter.

7. **What, if any, discovery disputes exits?**

   At present, there are no disputes.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

   The parties will address inadvertent disclosure of privileged information in a protective order.

9. **Have the parties discussed early mediation?**

   No.

10. **Are there any pending motions, and if so, does either party desire a hearing?**

    There are no pending motions.


  /s/ *William P. Ramey, III*　　　　　　　　　　04/16/2025
William P. Ramey, III　　　　　　　　　　　　　　Date
**Ramey LLP**
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923

*Counsel for Plaintiff Wolverine Barcode IP, LLC*


  /s/ *Ramsey M. Al-Salam*　　　　　　　　　　 04/16/2025
Ramsey M. Al-Salam　　　　　　　　　　　　　　Date
WA Bar No. 18822
RAlsalam@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Fax: 206.359.9000

M. Craig Tyler
TX Bar No. 00794762
CTyler@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Telephone: 737.256.6100
Fax: 737.256.6300

*Counsel for Defendant Costco Wholesale Corporation*